## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>GARY J. MEYERS, in his official capacity as a fiduciary,<br><br>               Plaintiffs,<br>      v.<br><br>ZAK ARCHITECTURAL METAL & GLASS LLC<br>a/k/a ZAK ARCHITECTURAL METAL AND GLASS<br>a/k/a ZAK ARCHITECTURAL METAL & GLASS<br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:08-cv-968 (RMU) |

## MOTION FOR JUDGMENT BY DEFAULT
## AGAINST DEFENDANT, ZAK ARCHITECTURAL METAL & GLASS LLC
## A/K/A ZAK ARCHITECTURAL METAL & GLASS A/K/A ZAK ARCHITECTURAL
## METAL AND GLASS

Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") and Gary J. Meyers ("Meyers", and together with the Fund, "Plaintiffs"), by their legal counsel, respectfully move this Court, pursuant to Fed. R. Civ. P. 55(b)(2), to enter default judgment in favor of the Plaintiffs and against Defendant, Zak Architectural Metal & Glass LLC a/k/a Zak Architectural Metal & Glass a/k/a Zak Architectural Metal and Glass ("Company" or "Defendant"), for at least $51,833.18 in unpaid contributions, interest through September 15, 2008, liquidated damages, late fees and attorneys fees and costs through September 4, 2008, for such amounts as may be determined to be due and owing to Plaintiffs by the Company after submission of all outstanding remittance reports and an audit of the Company's payroll books and records, and for an order prohibiting the Defendant from not filing

198867-1

future remittance reports and paying future contributions to the Plaintiffs as mandated by the Company's collective bargaining agreement and applicable law.

In support of this Motion, Plaintiffs rely upon the allegations in its Complaint, the Declaration of Thomas C. Montemore,[1] the Declaration of Jennifer L. Hope, Esquire,[2] a proposed default order and judgment, and the exhibits attached to this Motion.

The grounds for this Motion are as follows:

1.      Prior to the commencement of this action, the Fund attempted to resolve this delinquency in an amicable manner.

2.      On June 5, 2008, a Complaint was filed in this matter. (Docket No. 1). The Complaint was served on Company on July 8, 2008, as appears from the Return of Service which has been duly docketed with the Court. (Docket No. 2).

3.      No Answer to the Complaint was filed and on August 4, 2008 Plaintiff filed a Request to Clerk to Enter a Default pursuant to Fed. R. Civ. P. 55(a) and served a copy on the Defendant. (Docket No. 5) Default was entered on August 4, 2008.

**WHEREFORE**, Plaintiff seeks the following relief:

(a)      Judgment entered as set out in the proposed Order and Judgment attached to this Motion; and

---

[1]      The Declaration of Thomas C. Montemore ("Montemore Decl.") is attached to this Motion as Exhibit 1.

[2]      The Declaration of Jennifer L. Hope ("Hope Decl.") is attached to this Motion as Exhibit 2. The document referred to in the Hope Declaration are attached to this Motion as Exhibit 3.

198867-1

(b)    Such other and further relief as the Court deems just, necessary and appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:/s/    Kent G. Cprek

KENT G. CPREK, ESQUIRE
(I.D. NO. 478231)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615
Date: September 4, 2008        Attorney for Plaintiff

OF COUNSEL:
JENNIFER L. HOPE, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0617

198867-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND GARY J. MEYERS, in his official capacity as a fiduciary, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:08-cv-968 (RMU) |
| ZAK ARCHITECTURAL METAL & GLASS LLC a/k/a ZAK ARCHITECTURAL METAL AND GLASS a/k/a ZAK ARCHITECTURAL METAL & GLASS | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT, ZAK
ARCHITECTURAL METAL & GLASS LLC A/K/A ZAK ARCHITECTURAL METAL
& GLASS A/K/A ZAK ARCHITECTURAL METAL AND GLASS**

Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") and Gary J. Meyers ("Meyers" and together with the Fund, "Plaintiffs"), by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default against Defendant, Zak Architectural Metal & Glass LLC a/k/a Zak Architectural Metal & Glass a/k/a Zak Architectural Metal and Glass ("Company" or "Defendant").

Company is and has been party to collective bargaining agreements (singly or jointly, "Labor Contract") with the various local unions and district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO-CFC ("International" or "Union"), including Local Union No. 711 and District Council 21. Under the Labor Contract, Company is required to remit fringe benefit contributions and other sums to Plaintiff. Montemore Decl. ¶¶ 5,

6. Failure to make these contributions timely, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds. Montemore Decl. ¶¶ 6, 12.

The Funds' records reveal that Company did not submit in a timely manner the contractually-required contributions. Company currently owes the Funds at least $51,833.22 in unpaid contributions, liquidated damages, interest, late fees and attorney's fees and costs. Montemore Decl. ¶¶ 7-10; Hope Decl. ¶ 3. The Fund's Trustees are obligated, as part of their fiduciary duties, to give each employee-participant credit for the time worked or paid to him by his employer notwithstanding whether employer contributions are made to the Fund. Montemore Decl. ¶ 12. Given the Company's failure to timely submit its remittance reports and because the information necessary to determine the precise amount of contributions due and owing to the Funds, the Fund has requested that they be permitted to perform an audit of the Company's payroll books and records for all periods in which the Company is obligated, pursuant to the Agreement, to submit fringe benefit contributions to the Fund. Montemore Decl. ¶ 11. Generally accepted accounting procedures require that the actual payroll records be reviewed in order to make this determination. Montemore Decl. ¶ 11.

On June 5, 2008, the Plaintiffs filed suit seeking sum due and owing to the Fund. Defendant failed to file an Answer or responsive pleading within twenty (20) days of service, and on August 4, 2008, Plaintiff filed a Request to Clerk to Enter Default pursuant to Fed. R. Civ. P. 55(a).

## ARGUMENT

I.    **ENTRY OF A JUDGMENT AGAINST THE COMPANY FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS APPROPRIATE**

A. **Defendant's Failure to Answer or Otherwise Respond to Plaintiffs' Complaint Requires an Entry of a Default Judgment**

198867-1

In light of Defendant's default and Defendant's continuing failure to appear or otherwise defend this action, the Plaintiffs are entitled to judgment by default against Defendant without a hearing. Fed. R. Civ. P. 55(b); United States v. De Frantz, 708 F. 2d. 310 (7th Cir. 1983). Moreover, where a defendant, such as the ones here, fails to respond to the Complaint, all factual allegations in the Complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Chedasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). General allegations of fact are also deemed true. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987), holds that evidence of the liability of the defendant is a non-issue in a default as "[s]uch liability is well-pled in the complaint, and is therefore established by the entry of default . . . ." The fund has provided additional evidence in its current control to support entry of judgment.

### B. Under ERISA and the Collective Bargaining Agreement, Defendant is Liable for Unpaid Contributions, Interest, Liquidated Damages and Attorneys' Fees and Costs

As a party to the Agreement, Company is liable to the fund not only under the Agreement but also pursuant to federal law. Specifically, Section 515 of ERISA, 29 U.S.C. § 1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively-bargained agreement...shall make such contributions in accordance with such agreement."

If an employer fails to make the contributions as required by the Agreement and Section 515, then the employer is subject to the provisions of Section 502(b)(2) of ERISA, 29 U.S.C. § 1132(g)(2). See Central Pennsylvania Teamsters Pension Fund v. W & L Sales, Inc., 778 F. Supp. 820, 831-32 (E.D. Pa. 1991). Section 502(g)(2) provides for the mandatory award of the following:

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of:

    (I)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

(D)    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

The failure of the Company to comply with its contractual and statutory obligations results in a substantial adverse impact on the Fund's ability to meet its legal obligations. The Fund is obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which the Fund is administered to provide health and welfare benefits and pension credits to the Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(1) and (2). See Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F. Supp. 38 (D.Minn. 1980), aff'd sub nom, Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway the Company, Inc., 642 F.2d 1122 (8th Cir. 1981). The Fund is required to provide these benefits and credits regardless of whether the Company makes the contributions. Montemore Decl. ¶ 12. The result is a significant drain on the resources of the Fund.

Additionally, when an employer fails to remit its contributions, the Fund loses the income that they could have earned by investing these contributions. Montemore Decl. ¶ 12. Combining this loss of investment income with the requirement to continue to pay benefits will eventually

affect the actuarial soundness of the Fund as well as deplete resources available to pay future benefits. Montemore Decl. ¶ 12. Furthermore, the Fund incurs additional administrative expenses as a result of an employer's failure to pay its contributions. Montemore Decl. ¶ 12. These losses and added expenses significantly impair the Fund's ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations. Montemore Decl. ¶ 12.

In its Complaint, the Fund alleges that Company failed to make fringe benefit contributions, interest, liquidated damages and attorneys' fees and/or costs to the Fund. Compl. ¶¶ 16, 17. These allegations, together with all other allegations of fact set forth in the Complaint against the Company filed in this action, must be taken as true as Company has not responded to each of these factual assertions. See Thomson v. Wooster, 114 U.S. 104 (1885); Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d. Cir. 1990); Au Bon Pain Corporation v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981); Danning v. Lavine, 572 F.2d 1386-89 (9th Cir. 1978). In accordance with 29 U.S.C. § 1132(g)(2), the Fund is entitled to an award of contributions, liquidated damages, interest and attorneys' fees and costs. United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc., 787 F.2d 128 (3d Cir. 1986).

## II.  ENTRY OF AN ORDER TO COMPEL THE DEFENDANT TO PRODUCE ITS PAYROLL BOOKS AND RECORDS AND TO COMPLY WITH ITS CONTRACTUAL OBLIGATIONS IS ENTIRELY APPROPRIATE

The Company is party to the Agreement and therefore to the Agreement and Declaration of Trust of the Funds. The Fund's trustees' scope of authority and responsible under ERISA is defined in part by the common law of trusts. Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 105 S.Ct. 2833, 2840 (1985). "Under the common law of trusts . . . trustees are understood to have all such powers as are necessary or appropriate for

the carrying out of the purposes of the trust." Id.

The purpose of the Fund is to provide benefits to the participants and beneficiaries. In order to effectuate this purpose, the trustees must ensure that all the contributions that are required to be made under the Agreement and the terms of the Agreement and Declaration of Trust of the Fund are made. The trustees must have the ability to ascertain exactly what contributions are due and owing to the Fund under such documents. When an employer fails to remit the contractually-required reports, the Fund's only method of determining the amount of contributions that are due and owing to the Fund is an audit. It is understood that trustees have all such powers as are necessary or appropriate for the carrying out of the purposes of the trust. In the absence of contractually-required remittance reports, it is necessary and appropriate to audit the payroll records of the employer in question. Because this is necessary and appropriate, trustees have the power to audit Company's payroll books and records.

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance reports. If the remittance reports are not submitted or contain incorrect information, then a proper determination of eligibility is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records.

An employer's failure to remit its contributions also causes the Fund to lose the income that it could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the ability of the Fund to pay future benefits. Furthermore, the Fund incurs additional administrative expenses which significantly impair the Fund's ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual

obligation.

The Company failed to submit contributions in accordance with the provisions of the Agreement. A precise determination of the amount of the delinquency is not possible because the Fund has not been permitted to review the Company's payroll books and records.

Finally, in light of Company's failure to comply with its contractual and statutory obligations to the Fund to submit timely, accurate remittance reports and contributions each month, as well as submit to an audit, and the irreparable harm which Company's malfeasance causes the Fund, the Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co., 640 F. Supp. 223 (D.D.C. 1986).

Given the clear language of the Agreement and obligations mandated by ERISA, this Court should order the Defendant not only to produce all outstanding remittance reports together with the Company's payroll books and records so that a precise determination of the amount owed can be made, but also pay all outstanding contributions plus the contributions and other related amounts determined to be due and owing for the audit. Furthermore, this Court should order the Defendant to continue to submit its monthly contributions and remittance reports in a timely fashion herein.

198867-1

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Funds the relief requested in its Motion for Default Judgment.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:/s/    Kent G. Cprek
KENT G. CPREK, ESQUIRE
(I.D. NO. 478231)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615

Date: September 4, 2008                    Attorney for Plaintiff

OF COUNSEL:
JENNIFER L. HOPE, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0617

198867-1

## CERTIFICATE OF SERVICE

I, Jennifer L. Hope, Esquire, state under penalty of perjury that I caused a copy of the

foregoing Motion for Judgment by Default Pursuant to Federal Rule of Civil Procedure 55(b)(2)

to be served via first class mail, postage prepaid on the date and to the address below:

Zak Architectural Metal & Glass LLC
a/k/a Zak Architectural Metal & Glass
a/k/a Zak Architectural Metal and Glass
371 East 22nd Street
Paterson, NJ 07514

Date: _September 4, 2008_

s/ Jennifer L. Hope
JENNIFER L. HO PE, ESQUIRE

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE
FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM**

198867-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
| TRADES INDUSTRY PENSION FUND | ) | |
| GARY J. MEYERS, in his official capacity as | ) | |
| a fiduciary, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | 1:08-cv-968 (RMU) |
| | ) | |
| ZAK ARCHITECTURAL METAL & | ) | |
| GLASS LLC | ) | |
| a/k/a ZAK ARCHITECTURAL METAL AND | ) | |
| GLASS | ) | |
| a/k/a ZAK ARCHITECTURAL METAL & | ) | |
| GLASS | ) | |
| Defendant. | ) | |

**ORDER AND JUDGMENT BY DEFAULT AGAINST
DEFENDANT ZAK ARCHITECTURAL METAL & GLASS LLC
A/K/A ZAK ARCHITECTURAL METAL & GLASS A/K/A ZAK ARCHITECTURAL
METAL AND GLASS**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the

Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension

Fund") and Gary J. Meyers ("Meyers" and together with the Fund, "Plaintiffs"), it appears to the

Court that Defendant, Zak Architectural Metal & Glass LLC a/k/a Zak Architectural Metal &

Glass a/k/a Zak Architectural Metal and Glass ("Company" or "Defendant") was served with

process on May 8, 2008 and has inexcusably, knowingly and willfully failed to appear, plead or

otherwise defend, and the default against said Defendant having been entered, it is **ORDERED**:

1. Plaintiffs' Motion is **GRANTED**.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as

amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiffs and

198867-1

against Defendant, in the amount of $51,833.18 which includes the following:

    a.   Unpaid contributions the period of January 2008 through July 2008 in the amount of $37,428.97 under 29 U.S.C. § 1132(g)(2)(A).

    b.   Late charges for May 2008 in the amount of $1,047.42;

    c.   Interest from the date contributions became due through September 15, 2008 in the amount of $611.32 as provided under 29 U.S.C. § 1132(g)(2)(B).

    d.   Liquidated damages in the amount of $8,657.25 as provided under 29 U.S.C. § 1132(g)(2)(C).

    e.   Attorneys' fees and costs in the amount of $4,088.22 incurred by Plaintiff through September 4, 2008 as provided under 29 U.S.C. § 1132(g)(2)(D).

    3.   Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant are obligated to do so under their collective bargaining agreement(s).

    4.   Defendant shall fully and accurately, within twenty (20) days from the entry of this Order, submit to the Plaintiffs any and all outstanding remittance reports, together with a check for the full amount of the contributions and dues owed, including interest, liquidated damages, late fees and attorneys fees and costs. Company, its owners, officers, agents, servant, attorneys, and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying benefit contributions for all periods for which Company is obligated to do so under the collective bargaining agreement(s).

198867-1

5.  Within twenty (20) days from the date of this Order, Company shall submit to an audit and make available to the designated representative of the Plaintiffs all payroll books and related records necessary for Plaintiffs to ascertain the precise amount of any delinquent contributions due and owing to Plaintiffs for all periods in which Defendant is obligated to make fringe benefit contributions to the Plaintiffs.   Defendant shall bear the costs of the audit. Defendant, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Defendant, shall be and are hereby restrained and enjoined from failing and refusing to submit to this audit and any future audits and shall produce all books and records requested by the auditor and/or the Trustees of the Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Fund. Defendant shall pay to the Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements, ERISA and applicable law.

6.  If further action by Plaintiffs is required to enforce this judgment, Plaintiffs may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out above. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. App'x. 972, 975-76 (3d Cir. 2003); Free v. Briody, 793 F.2d 807, 808-09 (7th Cir. 1986) ("[T]he entry of judgment is not the end of the litigation . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal"); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 876 F.2d 852, 854 (10th Cir. 1989) (reversing the district court's denial of reasonable attorneys fees incurred during post-

198867-1

judgment collection efforts).

7.  If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, the Plaintiffs may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiffs.

8.  If Company fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Company, and may at that time ask for further appropriate monetary and/or injunctive relief.

By the Court

DATE: _____

_____
Ricardo M. Urbina            J.
United States District Judge

198867-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
GARY J. MEYERS, in his official capacity as )
    a fiduciary, )
                                 )
                  Plaintiffs, )    CIVIL ACTION NO.
    v. )    1:08-cv-968 (RMU)
                                   )
ZAK ARCHITECTURAL METAL & )
    GLASS LLC )
a/k/a ZAK ARCHITECTURAL METAL AND )
    GLASS )
a/k/a ZAK ARCHITECTURAL METAL & )
    GLASS )
                  Defendant. )

## DECLARATION OF THOMAS MONTEMORE

THOMAS MONTEMORE states and declares the following:

1.      My name is Thomas C. Montemore and I am the Assistant to the Fund

Administrator of the International Painters and Allied Trades Union and Industry Pension Fund

("Pension Fund," "Fund" or "Plaintiff"). I have held that position since February 1, 2000. I

served as Delinquency Controller from 1988 through October 31, 2000 and I have served as the

Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from

1982 to 1986, and File Clerk beginning in 1979.

2.      The Pension Fund is an "employee benefit pension plan" as defined in Section

3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(A)(i), established by the International Union

of Painters and Allied Trades, AFL-CIO-CFL ("Union"), and employers in private industry

whose employees are members of or otherwise represented by the Union and its district councils

and local unions, for the purpose of providing retirement income to the employees. The Pension

198866-1



Fund is administered in the District of Columbia from its and my principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

3.     I have personal knowledge of the contents of the collective bargaining agreements, the Agreement and Declaration of Trust ("Trust Agreement") and the International Painters and Allied Trades Industry Pension Plan ("Plan") referenced in this Motion.

4.     The Pension Fund, as part of its normal operating procedure, maintain files containing copies of the collective bargaining agreements signed by each employer and copies of the remittance reports submitted by each contributing employer. The Pension Fund also maintains, as part of its normal operating procedures, a record of all contributions which are paid to the Pension Fund by each contributing employer, including copies of checks submitted directly from employers as payment for contributions due.

5.     My review of the regular business records maintained by the Pension Fund reveals that the Defendant, Zak Architectural Metal & Glass LLC a/k/a Zak Architectural Metal & Glass a/k/a Zak Architectural Metal and Glass ("Company" or "Defendant"), was a contributing employer of the Pension Fund and is bound to a collective bargaining agreement ("Labor Contract") with the International Union of Painters and Allied Trades, AFL-CIO, CLC. Under the terms of the Labor Contract, Company is bound to the Trust Agreement and Plan.

6.     The collective bargaining agreement requires Defendant to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit, and sets forth the rate of contribution and the method for calculating the total amount of contributions due the Pension Fund. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreements. Failure to make the required contributions, or to

198866-1                                    2

submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

7.    Based upon information currently available to the Pension Fund, Defendant presently owes the Pension Fund contributions for the period of January 2008 through July 2008 in at least the amount of $37,428.97. This amount is estimated based upon remittance reports that Defendant has submitted to the Pension Fund.

8.    Defendant owes late charges in the amount of $1,047.42. ERISA and § 10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendant owes $1,047.42 in late charges for the period of May 2007 to December 2007.

9.    Defendant owes interest through September 15, 2008 in the amount of $611.32 on the unpaid pension contributions set forth in ¶ 1. The interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at section 10 of the Plan.

10.    Section 10 of the Plan parallels the ERISA statute, 29 U.S.C. § 1132(g)(2), and requires the assessment of liquidated damages against Defendant in an amount equal to the greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal. As noted above, the total interest owed through September 15, 2008 is $611.32 and Defendant owes $37,428.97 in unpaid contributions. Defendant owes liquidated damages totaling twenty percent (20%) of the unpaid contributions as the total amount of liquidated damages is greater than the interest due. Therefore, Defendant owes liquidated damages in the amount of $8,657.25 on these unpaid contributions.

198866-1                                3

11.     The Pension Fund routinely audits employers to ensure all required contributions are being paid. It also audits employers in connection with delinquency collection lawsuits. An audit is the most accurate tool employed by the Pension Fund to ensure an employer's compliance with its statutory obligations. In performing these audits, the auditor reviews the payroll records of each employee who performs work of the type covered by the collective bargaining agreement. These records will include time cards, payroll ledgers, payroll summaries, time slips, or such other payroll records as the employer maintains which will indicate the number of hours that each individual employee worked and was paid for each week. The information gathered from these records is then compared to the wage information found on the employer's federal, state and municipal tax returns and on the W-2 statements provided to the employees. The auditor also reviews disbursement ledgers and check registers to identify potential wage payments to employees not made through the payroll system. Job/project contracts are reviewed to determine whether the work performed is within the scope of the collective bargaining agreement. After compiling the information gathered from the above records, a schedule of the contributions that should have been paid according to the contract is prepared. This schedule, which is broken down by month, is then compared to the actual contributions which the employer did submit to the Pension Fund, with any differences noted. Once completed, an audit report is forwarded to the employer for its review and payment. The Pension Fund has not been able to perform an audit to ensure accurate reporting by Defendant.

12.     Despite a continuing contractual obligation to do so, Defendant has repeatedly failed to submit timely remittance reports and pension contributions. The Pension Fund and its Trustees are required to pay benefits to all properly eligible employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on

198866-1                                    4

the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize pension credits and to pay pensions to vested employees is absolute and continues even if the employers fail to pay their required pension contributions. Employer contributions <u>and</u> the earnings the Pension Fund receives by investing these contributions comprise the assets from which the Pension Fund pays retirement benefits to participants and their dependents and beneficiaries. When employers, like Defendant, fail to pay their contributions or do not pay them timely, the Pension Fund is deprived of the investment income they otherwise could have earned. In addition, the Pension Fund also must engage in time-consuming and costly efforts to collect the unpaid contributions. These efforts include letters and phone calls to the employer, investigating other sources for collection and attempting to calculate delinquency amounts and benefit eligibility through other sources (e.g. pay stubs), if available. Further, the Pension Fund has to process benefit eligibility and benefit claims manually so that participants (and their dependents) employed by the delinquent employer are not deprived of retirement benefits. The actual losses and added costs (in terms of dollar amount, capital and manpower) incurred by the Pension Fund in connection with an employer contribution delinquency are not capable of precise determination, but they are substantial. Defendant's refusal to contribute as it is bound means irreparable harm and injury to the Pension Fund – an obligation to make benefit payments to employees without necessary contributions from Defendant to cover those benefits. Therefore, Defendant should be required to submit timely current contributions and remittance reports in the future.

13.     I have executed this Declaration in support of Plaintiff's Motion for Default Judgment against Defendant and request that this Court consider the same as proof in support of

the allegations contained in the Plaintiff's Complaint and other facts stated in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare
under Penalty of perjury that the foregoing
is true and correct.

Executed on: ___9/3/08___

THOMAS MONTEMORE

198866-1                    6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>GARY J. MEYERS, in his official capacity as<br>   a fiduciary, | ) ) ) ) ) | |
|             Plaintiffs,<br><br>v. | ) ) ) | CIVIL ACTION NO.<br>1:08-cv-968 (RMU) |
| ZAK ARCHITECTURAL METAL &<br>   GLASS LLC<br>a/k/a ZAK ARCHITECTURAL METAL AND<br>   GLASS<br>a/k/a ZAK ARCHITECTURAL METAL &<br>   GLASS<br>            Defendant. | ) ) ) ) ) ) ) | |

## DECLARATION OF JENNIFER L. HOPE, ESQUIRE

Jennifer L. Hope, Esquire, states under penalty of perjury that the following is true and correct.

1.     I am one of the attorneys who serve as counsel to the International Painters and Allied Trades Industry Pension Fund ("Fund" or "Plaintiff") on behalf of the law firm of Jennings Sigmond, P.C.

2.     Attached to the Motion as Exhibit 3 is a billing list showing all work performed by the offices of Jennings Sigmond, P.C. and related costs in connection with the collection of the contributions at issue in this action through September 5, 2008. The computerized listing is prepared from contemporaneous attorney time and expense records, the originals of which are maintained in the regular business records of Jennings Sigmond, P.C.

The identities of those persons performing services connected with this matter are as follows:

198867-1



| INITIALS | NAME | TITLE |
|----------|------|-------|
| SMC | Shanna M. Crammer | Attorney |
| JLH | Jennifer L. Hope | Attorney |
| KC | Kent Cprek | Attorney |
| LC | Lori Coney | Paralegal |

3.     Based upon my review of Exhibit 3, the Funds have incurred $4,088.22 in attorneys' fees and costs.

<u>Legal Market Benchmark</u>

4.     The time and fees charged in this case are reasonable based on prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation in the Philadelphia market.

5.     My opinion that the time and fees are reasonable is based on a number of factors, including the following:

(a)     We serve as counsel or co-counsel to over 20 multiemployer employee benefit funds groups.  The firm currently has 17 lawyers, with a dedicated benefits department of seven (7) lawyers plus part-time work by three (3) other lawyers in the labor practice.  The work is specialized and our competition often is large corporate firms with both employee benefits and federal litigation experience.  In my experience, our fees are normally substantially lower than the charges of larger firms.

(b)     The hourly rates in this case are consistent with market rates in published surveys by Altman Weil, a leading law firm consultant. Specifically, Altman Weil found a median hourly rate in 2005 of $195 for associates in the Middle Atlantic region (encompassing Philadelphia).  The hourly rates for associates ranged up to $273 (Mid Atlantic region) at the 90th percentile. See Associate Hourly Billing Rates (March 10, 2006), reprinted from

198867-1

http://www.altmanweil.com/PracticeSpecialtiesRates/, Exhibit 4. The median rate for partners (shareholders) in employee benefits litigation was $305 per hour, *id.*, Practice Specialties and Hourly Rates (October 1, 2005). The hourly rates in this action for associates are within the median hourly rates range as set forth above.

6.    I have executed this Declaration in support of Plaintiffs' Motion for Default Judgment against Defendant, Zak Architectural Metal & Glass LLC a/k/a Zak Architectural Metal & Glass a/k/a Zak Architectural Metal and Glass, and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Fund and other facts stated in this Declaration.

> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 4, 2008          s/ Jennifer L. Hope
                                 JENNIFER L. HOPE, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
| TRADES INDUSTRY PENSION FUND | ) | |
| GARY J. MEYERS, in his official capacity as | ) | |
| a fiduciary, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | 1:08-cv-968 (RMU) |
| | ) | |
| ZAK ARCHITECTURAL METAL & | ) | |
| GLASS LLC | ) | |
| a/k/a ZAK ARCHITECTURAL METAL AND | ) | |
| GLASS | ) | |
| a/k/a ZAK ARCHITECTURAL METAL & | ) | |
| GLASS | ) | |
| Defendant. | ) | |

## JENNINGS SIGMOND ATTORNEYS' FEES – through September 4, 2008

| Date | Attorney | Task | Time |
|---|---|---|---|
| 11/01/07 | SMC | Review of Documents<br>Open File | 0.40 |
| 11/02/07 | JLH | Review of Correspondence<br>Preparation of Complaint | 1.50 |
| 11/05/07 | JLH | Review and Revision of Complaint | 0.20 |
| 11/07/07 | SMC | Review of Correspondence from P. Gilbert<br>Conference with Attorney J. Hope | 0.20 |
| 11/08/07 | SMC | Review of Correspondence from P. Gilbert<br>Regarding Payments Received | 0.10 |
| 11/12/07 | SMC | Review of Correspondence from T. Montemore<br>Regarding Termination of Legal Action | 0.10 |
| 03/26/08 | JLH | Office Conference with Attorney regarding<br>Reopening Case<br>Review of Correspondence from S. Cramer | 0.40 |
| 03/27/08 | JLH | Attorney Correspondence regarding Status<br>and Follow Up Action<br>Office Conference regarding NJ LLC's | 2.70 |

198867-1



EXHIBIT
3

|            |      | Preparation of Complaint<br>Computer Research / D & B<br>Review of Correspondence from Client regarding<br>Attorney Fees<br>Preparation of Correspondence regarding Attorney Fees |      |
|------------|------|---|------|
| 03/27/08 | KGC | Review of Correspondence and Reply regarding LLC's in NJ<br>Reports and service<br>Memo to File | 0.20 |
| 03/27/08 | SMC | Review of Documents<br>Open file<br>Office conference regarding pending litigation | 0.40 |
| 05/02/08 | JLH | Review of Correspondence from Client requesting to File<br>Review Delinquency Update<br>Memo to File | 0.20 |
| 05/05/08 | JLH | Preparation for Filing<br>Memo to File | 0.20 |
| 05/09/08 | JLH | Review and Revision of Complaint | 0.50 |
| 05/12/08 | JLH | Review and Revision of Complaint | 0.20 |
| 05/13/08 | KGC | Review and Revision of Complaint | 0.50 |
| 06/02/08 | JLH | Review and Revision of Complaint | 0.30 |
| 06/03/08 | JLH | Conference with Attorney regarding DBA Rates<br>Review and Revision of Complaint | 0.30 |
| 06/03/08 | KGC | Review and Revision of Complaint and Office<br>Conference regarding CBA | 0.50 |
| 06/06/08 | JLH | Review of Correspondence from Client regarding Audit (2x) | 0.50 |
| 06/08/08 | JLH | Review of Correspondence from Client | 0.10 |
| 06/09/08 | JLH | Preparation of Correspondence to Client regarding<br>Filing and Attorney's Fees | 0.30 |
| 06/10/08 | JLH | Review of Correspondence from Client | 0.10 |
| 07/14/08 | KGC | Phone Conference with Zak Architectural Counsel and<br>Memo regarding same | 0.10 |
| 07/14/08 | JLH | Update Litigation Status Report<br>Phone Conference with Company<br>Preparation of Correspondence to Client regarding Status | 0.80 |

| 07/15/08 | JLH | Review and Reply to Correspondence from Client | 0.10 |
|---|---|---|---|
| 07/16/08 | JLH | Review of Return of Service | 0.10 |
| 07/24/08 | JLH | Review of Correspondence from Fund regarding<br>Audit Attempt<br>Memo to File | 0.20 |
| 07/25/08 | JLH | Preparation of Correspondence to Client regarding<br>Audit and Service | 0.10 |
| 07/28/08 | JLH | Review and Reply to Correspondence | 0.20 |
| 07/31/08 | JLH | Preparation of Entry of Default | 0.50 |
| 07/31/08 | LC | Review of Correspondence from Attorney regarding<br>Complaint<br>Review of USDC Docket and Pleadings<br>Memo to Assigned Attorney regarding same | 0.40 |
| 08/04/08 | JLH | Review docket for service | 0.20 |
| 09/02/08 | JLH | Preparation of Correspondence to Client and review reply<br>Regarding updated damages<br>Preparation of Motion for Default Judgment<br>Preparation of T.Montemore Declaration | 2.20 |
| 09/03/08 | JLH | Review and revise motion for Default<br>Reviewed signed Declaration | 0.30 |
| 09/04/08 | JLH | Preparation of Attorney Declaration<br>Preparation for filing | 0.70 |
| | | **TOTAL** | **15.80** |

## Summary

| | | | |
|---|---|---|---|
| 15.40 Hrs. x $220.00/hour | = | $3,388.00 | |
| 0.4 Hrs. x $70.00/hours | = | $  28.00 | |
| Costs | = | $  672.22 | |
| **Total** | = | **$4,088.22** | |

198867-1