UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| INTERNATIONAL PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND | : : : : | | |
| and | : : | | |
| GARY J. MEYERS, in his official capacity as a fiduciary, | : : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 08-0968 (RMU) |
| v. | : : | Re Document No.: | 5 |
| ZAK ARCHITECTURAL METAL & GLASS LLC, | : : : : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**I. INTRODUCTION**

This matter is before the court on the plaintiffs' motion for default judgment. The plaintiffs, International Painters and Allied Trades Industry Pension Fund and Gary J. Meyers, the fiduciary of the fund, filed this action on June 5, 2008, alleging that the defendant, Zak Architectural Metal and Glass LLC, failed to make contributions to an employee pension fund as required by collective bargaining agreements and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. The plaintiffs seek an order directing the defendant to comply with the terms of the collective bargaining agreements. The defendant was served on July 8, 2008, and to date it has not responded to the complaint. Accordingly, the court grants the

plaintiffs' motion for default judgment and awards $50,661.73 in monetary relief. Additionally, the court grants the plaintiff's request for injunctive relief.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On June 5, 2008, the plaintiffs initiated this action to recover delinquent contributions to the pension fund from the defendant. Compl. ¶¶ 16-17. The plaintiffs also sought interest on the delinquent contributions, late charges, liquidated damages, attorneys' fees and an audit of the defendant's records. *Id.* ¶¶ 17, 25, 28, 31, 33. The plaintiffs assert that the defendant agreed to abide by the Collective Bargaining Agreements ("Labor Contracts"), the Agreement and Declaration of Trust of the Fund ("Trust Agreement") and the International Painters and Allied Trades Industry Pension Plan ("Pension Plan"). *Id.* ¶¶ 11-13. The plaintiffs allege that in violation of these agreements, the defendant has failed to make monthly payments to the plaintiffs, file remittance reports or submit to requested audits, entitling the plaintiffs to various penalties for the defendant's non-performance. *Id.* ¶ 13. Finally, the plaintiffs contend that the defendant's failure to comply with the terms of the Labor Contracts and the Trust Agreement violates ERISA. *Id.* ¶ 16.

The defendant was served with the complaint and summons on July 8, 2008. Pls.' Req. for Entry of Default, Ex. 1 ("Cprek Decl.") ¶ 2. On August 5, 2008, the plaintiffs requested that the Clerk of the Court enter default against the defendant for failure to plead or otherwise defend

against this action and forwarded a copy of the request to the defendant.[1]  *See* Pls.' Req. for Entry of Default.  The Clerk of the Court entered default against the defendant on August 6, 2008.  *See* Entry of Default.  Finally, on September 4, 2008, the plaintiffs filed the instant motion.[2]  *See generally* Pls.' Mot.  Throughout this period, the defendant has not pleaded or otherwise defendant against the action.

### III.  ANALYSIS

#### A.  Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics.  *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).  Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).

---

[1]  Federal Rule of Civil Procedure 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment.  FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. CIV. 3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the Clerk of the Court enter default against that defendant.  FED. R. CIV. P. 55(a).  Second, following the clerk's entry of default, if the plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment.  *Id.* 55(b)(2).  By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment.  *Id.* 55(b), (c); *see also Meehan*, 652 F.2d at 276 (noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside").

[2]  Despite the fact that Rule 55(b)(2) does not require the moving party to notify the non-responsive party of a motion for default judgment if the non-responsive party has made no appearance, the plaintiffs here forwarded a copy of the instant motion to the defendant.  *See* Pls.' Mot. at 12.

Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs.  FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.* at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial").  Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995).  Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty).  The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.

1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B. The Court Grants the Plaintiffs' Motion for Entry of Default Judgment

#### 1. The Defendant is Liable to the Plaintiffs

The plaintiffs argue that default judgment is appropriate in the instant case given the "defendant's default and . . . continuing failure to appear or otherwise defend [against] this action." Pls.' Mot. at 3. Contending that all factual allegations in the complaint are deemed admitted and that the entry of default establishes the defendant's liability, the plaintiffs seek an order awarding them the unpaid contributions, interest on those contributions, late charges, liquidated damages and attorneys' fees. *Id.* They also seek an order requiring the defendant to submit to an audit and remit any outstanding contributions discovered as a result of the audit. *Id.*; *see generally* Compl.

As noted above, the defendant was served with the plaintiffs' complaint on July 8, 2008 and has not pleaded or otherwise defended against the action. Likewise, the defendant has not responded to either the plaintiffs' request to the Clerk for entry of default or the instant motion for default judgment, despite being properly served with both. This is precisely the situation in which the entry of default judgment is appropriate. *See, e.g.*, *H.F. Livermore Corp.*, 432 F.2d at 691 (holding that default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party"). As a result of the entry of default, the court deems the defendant to have admitted all of the well-pleaded allegations in the complaint. *See*

*Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 241 (D.D.C. 2007) (citing *Adkins*, 180 F. Supp. 2d at 17).

The plaintiffs allege that the defendant failed to make pension contributions for a period of seven months in 2008 as required by ERISA and § 10.07 of the Pension Plan. Compl. ¶ 16; Pls.' Mot. at 4-5. Section 10.07 states that the "employer will pay contributions to the Plan . . . as required by the [Labor Contracts]." Pls.' Mot., Ex. 4. ERISA also requires "every employer who is obligated to make contributions . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The court accepts these well-pleaded allegations as admitted and now turns to the issue of the appropriate relief.

### 2. The Plaintiffs Are Entitled to Monetary Relief in the Amount of $50,661.73

The plaintiffs request $51,833.18 in monetary relief, itemized as follows: 1) $37,428.97 in unpaid contributions from January 2008 through July 2008; 2) $1,047.42 in late charges; 3) $611.32 in interest on the unpaid contributions; 4) $8,657.25 in liquidated damages; and 5) $4,088.22 in attorneys' fees. Pls.' Proposed Order at 2. ERISA governs the award of damages in this action, stating that the court shall award the unpaid contributions, interest on the unpaid contributions, liquidated damages specified in the plan but not in excess of twenty percent of the unpaid contributions, reasonable attorneys' fees and any other appropriate equitable relief. 29 U.S.C. § 1132(g).

Having made an independent determination of the amount to which the plaintiffs are entitled in unpaid contributions, interest thereon and late charges, *see Adkins*, 180 F. Supp. 2d at 17, the court awards the plaintiffs $37,428.97 in unpaid contributions, $611.32 in interest and $1,047.42 in late charges. The court also concludes that the plaintiffs' request for $4,088.22 in

attorneys' fees is reasonable based on the declaration and itemized billing report submitted by Jennifer Hope.  *See* Pls.' Mot., Ex. 2 ("Hope Decl.").  Finally, the court awards the plaintiffs $7,485.80 in liquidated damages.[3]  In sum, the court awards the plaintiffs $50,661.73.

### 3. The Plaintiffs Are Entitled to Injunctive Relief

The plaintiffs also request injunctive relief requiring the defendant to "permit an audit of all records under the actual or constructive control of the [defendant] . . . and to cooperate in alternative methods for the determination of work for which contributions are due."  Compl. ¶ 25(1).  Additionally, the plaintiffs request a judgment for the outstanding contributions discovered after the audit, together with late charges, interest, liquidated damages, the cost of the audit and any remaining costs incurred in connection with this action.  *Id.* ¶ 28(1).

ERISA authorizes the court to grant "other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  Equitable relief in this context includes "an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records."  *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (quoting *Mason Tenders Dist. Council Welfare Fund v. Bold Contsr. Co.*, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002)); *see also Carpenters Labor-Mgmt. Pension Fund*, 498 F. Supp. 2d at 242 (granting the plaintiffs' request for injunctive relief).  Further, article VI § 6 of the Trust Agreement requires the defendant to cooperate with requests for audits.  *See* Pls.' Mot., Ex. 3.  The court grants the

---

[3]  Although the plaintiffs requested $8,657.25 in liquidated damages, § 10.07(b)(3)(B) of the Pension Plan states that the liquidated damages should equal "20 percent of the unpaid contributions."  Additionally, ERISA requires liquidated damages to be calculated pursuant to the Pension Plan, but limits the damages to no more than twenty percent of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C)(ii).  The liquidated damages requested by the plaintiffs, $8,657.25, equal approximately twenty-three percent of the unpaid contributions.  Accordingly, the court has adjusted the amount of liquidated damages downward to comply with both the Pension Plan and ERISA.

plaintiffs' request for injunctive relief in the form of an audit "because the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." *See Carpenters Labor-Mgmt. Pension Fund*, 498 F. Supp. 2d at 242 (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh*, 468 F. Supp. 2d 215, 218 (D.D.C. 2007)). Consequently, the defendant shall comply with the plaintiffs' request for an audit, remit any outstanding contributions discovered as a result of that audit and pay any late charges, interest and liquidated damages consistent with this Memorandum Opinion as well as the cost of the audit. *See Carpenters Labor-Mgmt. Pension Fund*, 498 F. Supp. 2d at 242 (citing *Int'l Painters & Allied Trades Indus. Pension Fund*, 468 F. Supp. 2d at 218).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion for default judgment and orders the defendant to pay $50,661.73 in monetary relief for unpaid contributions, interest, late charges, liquidated damages and attorneys' fees. The defendant shall also submit all relevant records for the requested time periods for an audit and remit any outstanding contributions and additional penalties or costs. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of July, 2009.

RICARDO M. URBINA
United States District Court