UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND *et al.*, | Civil Action No.: 08-0968 (RMU) |
| Plaintiffs, | Re Document No.: 8 |
| v. | |
| ZAK ARCHITECTURAL METAL & GLASS LLC, | |
| Defendant. | |

# MEMORANDUM OPINION

### DIRECTING THE DEFENDANT TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CIVIL CONTEMPT

## I. INTRODUCTION

The plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("the Pension Fund") and Gary J. Meyers, the fiduciary of the fund, request that the court hold the defendant in civil contempt for failure to comply with the court's July 22, 2009 order ("the order"). In the order, the court granted the plaintiffs' motion for default judgment and directed the defendant to pay damages and submit to an audit. The plaintiffs now contend that the defendant has failed to submit to an audit in direct violation of the order. Upon consideration of the plaintiffs' unopposed submissions, the court orders the defendant to show cause why the court should not hold it in civil contempt or impose sanctions for its noncompliance.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs initiated this action in June 2008 to recover delinquent contributions to the

Pension Fund, an employee benefit fund. *See generally* Compl. The plaintiffs also sought interest, liquidated damages, attorney's fees and an audit of the defendant's records. *Id.* The plaintiffs asserted that, in violation of collective bargaining agreements and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, the defendant had failed to make monthly contributions to the plaintiffs, file remittance reports and submit to audits at the plaintiffs' request. *Id.*

The Clerk of the Court entered default on August 6, 2008, *see* Entry of Default, and the plaintiffs moved for a default judgment on September 4, 2008, *see generally* Pls.' Mot. for Default J. Because the defendant had not responded to the entry of default or otherwise defended itself in this action, the court granted the plaintiffs' motion for entry of default on July 22, 2009. *See generally* Mem. Op. (July 22, 2009). The court ordered the defendant to pay the plaintiffs $50,661.73 in monetary relief for unpaid contributions, interest, late charges, liquidated damages and attorney's fees. *Id.* at 6-7. The court also ordered the defendant to submit all relevant records to the plaintiffs for the purposes of an audit and to remit any additional outstanding contributions, penalties and costs pursuant to the audit. *Id.* at 8.

On February 12, 2010, the plaintiffs filed the instant motion. *See generally* Pls.' Mot. for Civil Contempt ("Pls.' Mot."). The plaintiffs contend that despite several requests, the defendant has neither produced records necessary for an audit nor submitted to an audit. *Id.* at 2 & Exs. 5-9. Accordingly, the plaintiffs request that the court order the defendant to show cause why the court should not hold it in civil contempt, or, in the alternative, that the court hold the defendant in civil contempt, fine the defendant for its continued noncompliance with the order and award the plaintiffs their attorney's fees and costs. Pls.' Mot. at 7.

## III. ANALYSIS

### A. Legal Standard for Civil Contempt

A party moving for a finding of civil contempt must show, by clear and convincing evidence, that: (1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order. *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993); *Secs. & Exch. Comm'n v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000). The plaintiff must show that the order was clear and unambiguous. *Armstrong*, 1 F.3d at 1289 (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)). In addition, the defendant's noncompliance with the order must be proven by clear and convincing evidence. *Wash.-Balt. Newspaper Guild, Local 35 v. Wash. Post Co.*, 626 F.2d 1029, 1031 (D.C. Cir. 1980); *see also Nat'l Labor Relations Bd. v. Blevins Popcorn Co.*, 659 F.2d 1173, 1186 (D.C. Cir. 1981) (rejecting the reasonable doubt standard and willfulness requirement when ascertaining noncompliance and only requiring proof of noncompliance by clear and convincing evidence). The defendant's intent regarding compliance with the order is irrelevant. *Bilzerian*, 112 F. Supp. 2d at 16. Once the court determines that the movant has made the above three-part showing, the burden shifts to the defendant to justify the noncompliance by, for example, demonstrating its financial inability to pay the judgment or its good faith attempts to comply. *Id.* at 16-17. In both cases, however, the justifications must be accompanied by adequate detailed proof. *Id.*

Civil contempt is a remedial device that a court can utilize to achieve full compliance with its orders. *Secs. & Exch. Comm'n v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995). When selecting what sanction to impose, a court must "exert only so much

authority of the court as is required to assure compliance." *Id.* (citations omitted). Moreover, "sanctions imposed in civil contempt proceedings therefore ordinarily are conditional, and a person or entity held in civil contempt may avoid the sanctions by promptly complying with the court's order." *Petties v. Dist. of Columbia*, 897 F. Supp. 626, 629-30 (D.D.C. 1995).

### B. The Court Grants the Plaintiffs' Request for an Order Requiring the Defendant to Show Cause Why It Should Not Be Held in Civil Contempt

#### 1. The Defendant Has Failed to Refute the Plaintiffs' Allegations that the Defendant Has Not Complied with the Court's July 22, 2009 Order

The plaintiffs assert that the defendant violated the order by failing to turn over the records necessary for the plaintiffs to conduct an audit. Pls.' Mot. at 1. In addition, the plaintiffs contend that the defendant ignored the plaintiffs' letters and phone calls requesting that the defendant schedule an on-site audit or provide the necessary documents by mail. *Id.* at 2, Ex. 3 ("Montemore Decl.") ¶ 6 & Ex. 4 ("Moore Decl.") ¶¶ 4-6. Accordingly, the plaintiffs ask the court to hold the defendant in contempt and impose sanctions until the defendant complies with the order. Pls.' Mot. at 8.

As previously discussed, civil contempt is appropriate when (1) an order is in place, (2) the order required certain conduct by the defendant and (3) the defendant failed to comply with the order. *Bankers Alliance Corp.*, 881 F. Supp. at 678. In this case, the first condition is satisfied because a valid court order was issued granting the plaintiffs' motion for default judgment.[1] *See* Order (July 22, 2009).

---

[1] The plaintiffs aver that the defendant received several notices of the order: plaintiffs' counsel mailed copies of the order to the defendant on July 23, 2009 – the day after the order was issued – and sent subsequent copies on August 18, 2009 and January 13, 2010. Pls.' Mot. at 2 & Exs. 7-9.

Second, the order expressly directed the defendant to (1) pay the plaintiffs $50,661.73 in monetary damages for unpaid contributions, interest, late charges, liquidated damages and attorney's fees and (2) submit all necessary records to the plaintiffs for the purpose of conducting an audit and remit any outstanding contributions and additional penalties or costs. *See* Order (July 22, 2009). Thus, the order was clear and unambiguous. *Compare Armstrong*, 1 F.3d at 1289 (vacating a contempt order based on the defendants' failure to promulgate new regulations because the court never directly ordered the defendants to do so) *with Cobell v. Babbitt*, 37 F. Supp. 2d 6, 16 (D.D.C. 1999) (stating that the court's order was clear and reasonably specific because its language was "facially plain").

Third, it appears that the defendant has failed to comply fully with the order. The plaintiffs make the following representations, none of which the defendant has contested: despite several attempts on their part to arrange an audit, the defendant has failed to submit to an audit or provide the necessary records to the plaintiffs. Pls.' Mot. at 2. The plaintiffs sent several letters to the defendant requesting an audit and providing the defendant with the auditor's contact information to schedule an audit. *Id.*, Ex. 7 at 1, Ex. 8 at 1 & Ex. 9 at 1. In addition, the auditor made unsuccessful attempts to contact the defendant by phone in August and September 2009. Moore Decl. ¶ 4. On January 20, 2010, the defendant finally contacted the auditor, who directed the defendant to provide the records necessary for an audit by February 10, 2010. *Id.* ¶ 5; Pls.' Mot., Ex. 2 ("Costa Decl.") ¶¶ 6-7. The defendant never provided the requested records. Moore Decl. ¶ 6; Montemore Decl. ¶ 6. Through these unrebutted representations, the plaintiffs have offered clear and convincing evidence that the defendant has failed to comply with the order.

**2. The Defendant Must Justify Its Noncompliance to Avoid Civil Contempt and Sanctions**

The plaintiffs contend that the defendant has willfully ignored the order and has no defense for its noncompliance. Pls.' Mot. at 5. The defendant has not responded to the plaintiffs' motion.

Once the plaintiffs establish that the defendant has not complied with the order, the burden shifts to the defendant to justify its noncompliance. *Bilzerian*, 112 F. Supp. 2d at 16. The contemnor is required to show that it has "done all within its power" to comply with the court's order. *Pigford v. Veneman*, 307 F. Supp. 2d 51, 57 (D.D.C. 2004). In civil contempt proceedings, a party can justify its failure to comply with a court order by establishing its inability to comply or good faith substantial compliance. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997). The contemnor must demonstrate an inability to comply "categorically and in detail." *Bankers Alliance Corp.*, 881 F. Supp. at 678 (quoting *Secs. & Exch. Comm'n v. Current Fin. Servs., Inc.*, 798 F. Supp. 802, 806 (D.D.C. 1992)). In proving good faith substantial compliance, the contemnor must show that it "took all reasonable steps within [its] power to comply." *Food Lion, Inc.*, 103 F.3d at 1017 (internal quotation marks omitted).

The record contains no information justifying the defendant's noncompliance. Because the burden rests with the defendant to prove its defense, the defendant shall show cause why the court should not hold it in civil contempt. *See M.R.S. Enters., Inc. v. Sheet Metal Workers' Int'l Ass'n, Local 40*, 2006 WL 2612972, at *8 (D.D.C. Aug. 22, 2006) (ordering the plaintiff to show cause why it should not be held in civil contempt because it had not disputed the defendant's allegations of noncompliance with an order enforcing an arbitration award); *Int'l Bhd. of*

*Painters & Allied Trades Union & Indus. Pension Fund*, 1995 WL 732850, at *1 (D.D.C. July 10, 1995) (noting that, after issuing a show cause order, the court found the defendant in civil contempt for its failure to submit to an audit pursuant to a court order); *Trs. for the Mich. Carpenters' Council Pension Fund v. Brandt Constr. Co.*, 2008 WL 2246058, at *1-2 (W.D. Mich. May 30, 2008) (adjudging the defendant in an ERISA lawsuit in civil contempt because it failed to submit payroll records to the plaintiffs for an audit pursuant to a consent order); *Greater St. Louis Constr. Laborers Welfare Fund v. Hance Excavating, LLC*, 2008 WL 544718, at *2-3 (E.D. Mo. Feb. 26, 2008) (ordering the defendants in an ERISA action to show cause why they should not be held in contempt for failure to comply with a court order requiring them to produce payroll records for an audit). If the defendant fails to justify its noncompliance, the court will issue an order holding it in civil contempt and imposing sanctions to induce its compliance.[2] *See Bilzerian*, 112 F. Supp. 2d at 23 (holding the defendant in contempt because he had failed to establish that he was financially unable to comply with the court's order or that he had taken all reasonable efforts to comply with the order).

---

[2] If, after the court imposes sanctions, the defendant complies with the order, the court may lift the sanctions. *See United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 829 (1994) (emphasizing that civil contempt sanctions are avoidable through obedience and that the court may suspend such sanctions pending future compliance); *Petties v. Dist. of Columbia*, 897 F. Supp. 626, 629-30 (D.D.C. 1995) (noting that "sanctions imposed in civil contempt proceedings . . . ordinarily are conditional, and a person or entity held in civil contempt may avoid the sanctions by promptly complying with the court's order"); *cf. Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) (requiring the defendant to pay $1,000 daily until it complied with the court's order).

## IV.  CONCLUSION

For the foregoing reasons, the court orders the defendant to show cause in writing, on or before September 21, 2010, why it should not be held in civil contempt and why the court should not impose sanctions or order other relief.


                                                RICARDO M. URBINA
                                                United States District Judge